Stephen Montoya (#011791)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelique Briggs,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For her Complaint against Defendant, Plaintiff alleges the following:

1. This is an action seeking to redress gender discrimination in the public workplace brought by Ms. Angelique Briggs against her employer, the Police Department of the City of Phoenix, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978, Pub. L. 95-554, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(4) and 42 U.S.C. § 2000e.

3. This Court has personal jurisdiction over the parties to this dispute because all actions alleged in this Complaint transpired in Maricopa County, Arizona.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

5.  Angelique Briggs is a citizen of the United States of America residing in Maricopa County, Arizona.

6.  Ms. Briggs is female in gender.

7.  Defendant City of Phoenix (the "City") is an Arizona municipal corporation.

8.  The City owns and operates the Police Department of the City of Phoenix.

9.  The City has been engaged in an industry affecting commerce and has had at least fifteen employees for each working day in at least twenty calendar weeks this year or last year at all times material to this Complaint and is thus subject to the requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

10. Ms. Briggs has been employed as a Police Officer by the City of Phoenix Police Department at all times material to this Complaint.

11. Her work performance at the Department has been satisfactory to excellent at all times material to this Complaint.

12. During the course of her employment with the City, the City subjected Officer Briggs to different terms and conditions of employment based on her status as a woman.

13. Specifically, on March 20, 2018, Officer Briggs requested a transfer from Squad 91B to Squad 91A because Squad 91A offered a more favorable work schedule consisting of working four weekdays with Friday, Saturday and Sunday off.

14. Sgt. Christopher Sund informed Officer Briggs that her transfer request to Squad 91A was the only request pending at the time and in accordance with Department policy her request was first in line and would become effective on May 21, 2018.

15. In April 2018, Officer Briggs and her husband discovered that she was pregnant, and in May 2018 she informed a few of her fellow officers in the Department of her pregnancy.

16. Later that same month, Officer Briggs was informed by several of her colleagues in the Department that Sgt. Gary Bradley had asked Sgt. Sund how he could "go around" Officer Briggs' transfer request, explaining that "I don't want a pregnant

2

female on my squad."

17. Sgt. Bradley also asked his squad members to try to recruit more senior officers to request a transfer to his squad in order to thwart Officer Briggs' transfer request.

18. On May 24, 2018, Sgt. Sund told Officer Briggs that she would <u>not</u> be transferring to 91A because a more senior officer had requested to transfer to squad 91A before she did and consequently had precedence over her regarding the transfer request.

19. Officer Briggs was aware that there were actually two (2) vacancies on squad 91A at the time, and as of May 15, 2018, she was the only officer who had requested a transfer to squad 91A.

20. Officer Briggs was subsequently informed by several of her colleagues in the Department that Phoenix Police Commander Charles Consolian was working with Sgt. Sund and Sgt. Bradley to manipulate a male officer's transfer request in a manner to block Officer Briggs' transfer.

21. Commander Consolian has engaged in a pattern of ignoring (or trivializing) complaints of discrimination in the Department and retaliating against officers who make them. <u>See</u> attached Exhibit A.

22. Officer Briggs subsequently discussed the problems surrounding her transfer with her union representative, Officer Santos Robles.

23. Officer Robles subsequently contacted Commander Consolian on Officer Briggs' behalf and told Consolian he needed to make things "right" regarding her transfer request.

24. After Officer Robles discussed the issue of Officer Briggs' transfer request with Commander Consolian and informed him that Officer Briggs and the union were aware of the discriminatory conduct of Sund, Bradley and Consolian, Sgt. Sund contacted Officer Briggs on May 25, 2018 and advised her that in fact she would be transferring to Squad 91A effective May 28, 2018.

25. On June 1, 2018, Officer Briggs filed a complaint against the Police Department with the City of Phoenix "Equal Opportunity Department" as a result of the

3

discriminatory comments and attempts to sabotage her transfer based on her pregnancy made by her supervisors at the Department as summarized above.

26. On June 2, 2018, as a result of the stress caused by the Department's discriminatory conduct, Officer Briggs suffered a miscarriage after only seven (7) weeks of pregnancy.

27. The City's Equal Opportunity Department ultimately failed to take any corrective action in response to Officer Briggs' complaint.

28. The City has tolerated a discriminatory work environment at the Police Department for years now, has routinely failed to investigate complaints of discriminatory harassment and retaliation in the workplace and has failed to adequately discipline employees guilty of engaging in such misconduct. See attached Exhibits B-E.

29. The City's conduct as described above was intentional, protracted, malicious and deliberately indifferent to and in reckless disregard of Officer Briggs' federally protected rights under Title VII.

30. The City's discriminatory treatment of Officer Briggs undermined her otherwise excellent job performance and has caused her to suffer lost wages and other income.

31. The City's discriminatory treatment of Officer Briggs also caused her to suffer significant anxiety and emotional distress.

32. Based upon the City's discriminatory conduct, Officer Briggs filed a Charge of Discrimination against the City of Phoenix with the United States Equal Employment Opportunity Commission ("EEOC") on August 3, 2018. See attached Exhibit F.

33. After Officer Briggs filed her Charge of Discrimination with the EEOC, she continued to be subjected to gender discrimination at work in the manner already summarized above.

34. Officer Briggs has satisfied all of the requirements for initiating this action by exhausting her administrative remedies with the EEOC and by filing this Complaint within ninety days of her receipt of a Right to Sue letter from the EEOC. See

attached Exhibit G.

35. Pursuant to Rule 38 (b) of Federal Rules of Civil Procedure, Officer Briggs hereby demands a trial by jury.

**WHEREFORE**, Officer Briggs respectfully requests the Court to:

    A.    Issue a judgment declaring that the conduct of Defendant as described above violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended;

    B.    Issue preliminary and permanent injunctions against Defendant enjoining it from committing similar unlawful acts in the future;

    C.    Issue a judgment awarding Plaintiff nominal, compensatory and punitive damages against Defendant in amounts to be determined by the finder-of-fact at trial;

    D.    Issue a judgment awarding Plaintiff reasonable costs and attorney fees against Defendant pursuant to 42 U.S.C. § 2000e and any other applicable law; and

    E.    Issue a judgment awarding Plaintiff all other relief that is just and proper against Defendant under the circumstances.

Respectfully submitted this 11th day of July 2019.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

5

I hereby certify that on July 11, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing.

*/s/ Stephen Montoya*