# EXHIBIT A



(https://azplea.com/)

## Phoenix Law Enforcement Association

_(/?s=)_

Phoenix Law Enforcement Association (https://azplea.com) > PLEA News (https://azplea.com/plea-news/) > Another "Command" Performance

# Another "Command" Performance



Charles Consolian
Commander

On Tuesday November 9th, PLEA reported on an incident where 400 precinct commander James Gallagher intentionally violated the MOU by telling an officer they couldn't work out on their lunch break as specifically allowed for and enumerated in the contract.

If this wasn't bad enough, yet another incident involving command level stupidity has reared its ugly head. At the end of November 2018, two officers while working light duty behind the desk at Cactus Park precinct encountered **Commander Charles Consolian** who was working the position of Duty Commander. Calls for service were slow and the Commander remarked that he would have to find more things for them to do. This comment elicited a look of surprise from the officers. The Commander then adopted what was described as an aggressive posture and stated **"do you have a mother-fucking problem?"**

This comment by the Commander understandably shocked and caught both officers by surprise. He then looked at one of them and stated: **"It looks like you are giving me fucking attitude."**

The officer to who the comments were directed saw this as completely unacceptable and unprofessional conduct. He brought it to the attention of his Sgt. and Lt. who rather than seeing the obvious misconduct on the part of their boss, elected to circle the wagons by giving the following advice:

1. Reporting the misconduct could "open doors you might not be able to close."
2. Reporting could be a "Pandora's Box and we wouldn't know where it wouldn't end up."
3. "I don't want to sway your opinion but from a professional standpoint, talking to the Commander is your best option."

The involved officer contacted PLEA and ultimately elected to file a complaint. On December 1, the day after the complaint was filed, the officer was told by his Sgt. that he had been "randomly selected" to have his Taser's entire history downloaded for inspection. Not only did this "random" inspection consist of a data download but recording all the external characteristics of the Taser to include removing and

photographing the individual cartridges.  It would be logical for anyone in this scenario to conclude they are being targeted for retaliation.  Phone calls were made and the "random inspection" magically went away.

Imagine for a moment, a scenario where an officer interacting with a citizen engaged in the same conduct eliciting a complaint.  Does anyone for a moment think that investigators would tell the citizen "Well, I don't know, this could open doors you might not be able to close, this could be a Pandora's Box and we wouldn't know where it would end up." And, "I don't want to sway your opinion, but hashing this out between you and the involved officer is probably your best recourse"?  Of course not.  The scenario just laid out would be vigorously investigated, and any officer, at a minimum, would be sustained on an unprofessional conduct violation.  Yet, when a high level PD manager commits the violation it seems it is somehow OK to engage in what many would clearly see as intimidation tactics to discourage the involved officers from pursuing the matter any further.

When it comes to managerial misconduct, the Phoenix PD way is to circle the wagons, deny, deflect, obfuscate and otherwise engage in what any logical person would see as intimidation tactics to discourage officers from reporting the misconduct.  We have been told that PSB is looking into the matter.

In an effort to give PSB an assist we will cite the relevant Operations Order related to Commander Consolian's his conduct.  Ops 3.18 Addendum A Section 3.A. enumerates those violations punishable by written reprimand.  subsection 7 covers unprofessional conduct and and sub-section d. of sub-section 7 lists as a policy violation: **verbal abuse/confrontation towards another employee.**

In what can only be seen as a very weak attempt at damage control, Commander Consolian sent out a precinct wide e-mail on December 6, 2018 that, in part, tells everyone to be "Cognizant of the language used and discussions had at the front desk and through the entire precinct for that matter."  Who could he have possibly been talking about?

Charlie could have saved a lot of time by simply looking in the mirror and sending the e-mail to himself.  Click Here (https://files.azplea.com/wp-content/uploads/2018/12/Consolian-e-mail.jpeg) to see the email.

We will be watching to see how this turns out and will keep you posted.

Username or Email Address [                    ]

Password [                    ]

☑ Remember Me

[ Log In ]

Forgot Password? (/wp-login.php?action=lostpassword)

Forgot Password? (https://azplea.com/wp-login.php?action=lostpassword)

*Training & Classes*

-

# EXHIBIT B



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No. 540-2010-00685

Jeffrey A. Green                    Charging Party

Phoenix Police Department          Respondent
620 W. Washington Street
Phoenix, AZ  85003

## D E T E R M I N A T I O N

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, (Title VII).  Timeliness and all other requirements for coverage have been met.

Charging Party alleged discrimination based on sex, male, and retaliation. Charging Party alleged he was continuously subjected to unwanted and unwelcome harassment and comments of a sexual nature. Charging Party alleged he complained to his supervisor, but the harassment and comments continued. Charging Party alleged that after he complained, he was transferred out of his unit (Mount Unit).

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that there is a violation of Title VII in that Respondent subjected Charging Party to a hostile and sexually tainted work environment. Charging Party complained about the conduct but Respondent failed to take immediate and appropriate corrective action and instead retaliated against Charging Party by transferring him out of his unit.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter.  Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of Title VII and Commission Regulations.

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement.  Those terms should be provided to the Commission representative, Jose Effio, at (602) 640-5002 within 14 days of the date of this determination.  The remedies for violations of the statutes we enforce are designed to make the identified victims whole, and to provide

corrective and preventative relief.  These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation(s) and the resolution of the charge.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative.  Should there be no response from the Respondent within 14 days, we may conclude that further conciliation efforts in this matter would be futile or non-productive.

On behalf of the Commission:

SEP 0 9 2011
_____
Date

Rayford O. Irvin
District Director

# EXHIBIT C

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No. 540-2012-03291

Candice Wilson                                    Charging Party

████████████████████

Phoenix Police Department                         Respondent
251 W. Washington, 7ᵗʰ Floor
Phoenix , AZ  85003

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Timeliness and all other requirements for coverage have been met.

Charging Party alleged she complained about sexual harassment by a sergeant in her unit and was subsequently ostracized by other co-workers. Charging Party alleged she was ignored and co-workers refused to assist her with any job related duties that required teams of two.  Charging Party alleged in July 2012, she was informed a Lieutenant was attempting to discipline her and transfer her out of the Robbery Unit without cause.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe there is a violation of Title VII when Respondent subjected Charging Party to a hostile work environment in retaliation for her filing an internal sexual harassment complaint.

The Commission makes no finding regarding any other allegations made in the charge.

This determination is final.  When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter.  Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of Title VII of the Civil Rights Act of 1964 and Commission Regulations.

WilsonC000005

Determination
Charge.no.: 540-2012-03291

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred.    A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

SEP 0 4 2015
_____
Date

_____
Rayford O. Irvin
District Director

# EXHIBIT D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(866) 866-8075
TTY (602) 640-5072
FAX (602) 640-5071

Charge No.: 540-2013-00578

Jeffrey Green                                    Charging Party

City of Phoenix                                  Respondent
620 W. Washington
Phoenix, AZ  85003

## D E T E R M I N A T I O N

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleged a female officer he supervised reported to him that she was sexually harassed by a fellow officer while at an off duty event. Charging Party alleged he assisted this officer with filing a formal EO complaint. Charging Party alleged a few months after filing the complaint his direct supervisor told him that they needed to get rid of this female officer because of her complaint against another officer. Charging Party alleged a few weeks later, two subordinate officers accused the female officer of posting inappropriate messages on their Facebook pages. Charging Party alleged he conducted a preliminary investigation into the matter and thought it was trivial and unfounded. Charging Party alleged his direct supervisor ordered him to discipline the female officer; however he questioned this action and believed it to be retaliatory. Charging Party alleged his direct supervisor accused him of being insubordinate, placed him on administrative leave, and subjected him to a fitness for duty evaluation.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that Respondent violated Title VII when it placed Charging on administrative leave, and required him to undergo a fitness for duty examination in retaliation for his participation in a protected activity and opposition to actions he believed to be discriminatory.

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. The confidentiality provisions of Title VII and Commission Regulations apply to information obtained during conciliation. A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

SEP 0 4 2015
_____                    _____
Date                                                   Rayford O. Irvin
                                                         District Director

# EXHIBIT E



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No. 540-2013-00625

Agnes Milbourn                                    Charging Party

City of Phoenix Police Department                Respondent
2075 East Maryland Avenue
Phoenix, AZ 85016

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Timeliness and all other requirements for coverage have been met.

Charging Party alleged that her supervisor retaliated against her for filing a gender based EEO complaint by issuing her a Notice of Investigation, denying her job-relate training and issuing her poor job performance reviews. Charging Party alleged that she complained about her supervisor's retaliatory actions to her Commander and received no response.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe Respondent violated Title VII of the Civil Rights Act of 1964 when it retaliated against Charging Party for engaging in a protected activity by subjecting her to disciplinary action, denying her training and giving her poor job performance reviews.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of Title VII of the Civil Rights Act of 1964 and Commission Regulations.

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that violations have

Determination
Charge no.: 540-2014-01225

occurred. A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

_____
Date    APR 2 9 2015

_____

Rayford O. Irvin    for
District Director

# EXHIBIT F

| **CHARGE OF DISCRIMINATION** Page 1 of 1 <br> This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY <br> ☒ FEPA <br> ☐ EEOC | CHARGE NUMBER <br> P18-0260 <br> 35A-2018-00525 |
|---|---|---|

## Arizona Attorney General's Office, Civil Rights Division and EEOC
*State or Local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* <br> Ms. Angelique Briggs   AUG 3 2018 | HOME TELEPHONE NO. *(Include Area Code)* |
|---|---|
| STREET ADDRESS   CIVIL RIGHTS DIVISION | CITY, STATE AND ZIP CODE | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICE SHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME <br> City of Phoenix Police Department c/o PEOD | NUMBER OF EMPLOYEES/MEMBERS <br> Cat. D | TELEPHONE NUMBER *(Include Area Code)* <br> 602-262-7716 |
|---|---|---|
| STREET ADDRESS <br> 251 Washington Street #7 | CITY, STATE AND ZIP CODE <br> Phoenix, Arizona 85003 | COUNTY <br> Maricopa County |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* <br> ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE <br> ☐ RETALIATION ☐ DISABILITY ☐ GENETIC TEST RESULTS ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE <br> EARLIEST (ADEA/EPA)   LATEST(ALL) <br> 05/16/2018   06/02/2018 <br> ☐ Continuing Action |
|---|---|

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s):*

I. **PERSONAL HARM:** I was subjected to a hostile work environment and my transfer was delayed.

II. **RESPONDENTS REASON FOR ADVERSE ACTION:** None.

III. **DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my sex, female (pregnancy), in violation of the Arizona Civil Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The particulars are:

A. On or about March 16, 2007, I began my employment with Respondent as a Police Officer. My work performance was always at least satisfactory.

B. On March 20, 2018, I requested a transfer from 91B to 91A because 91A offered a more favorable schedule. I was later informed that this transfer was approved and would be effective May 21, 2018. In May 2018, I discovered that I was pregnant and informed a couple of officers of my pregnancy.

C. On May 16, 2018, I became aware that Sgt. Bradley had asked Sgt. Sund how he could "go around" my transfer request, stating, "I don't want a pregnant female on my squad." On May 24, 2018, I was advised by Sgt. Sund that I would not be transferring to 91A because a more senior officer had requested to transfer to this squad. I am aware that there were two vacancies on 91A at this time and as of May 17, 2018, I was the only officer who had requested a transfer to 91A. I then contacted Phoenix Law Enforcement Association (PLEA) because I believed Sgt. Bradley, Sgt. Sund, and Commander Consolian had sabotaged my transfer because of my pregnancy. My PLEA representative, Santos Robles, contacted Commander Consolian and told him he needed to make things "right." On May 25, 2018, I was contacted by Sgt. Sund and advised I would be transferring to 91A, effective May 28, 2018. On June 1, 2018, I filed a complaint with the City of Phoenix Equal Opportunity Department (PEOD) as a result of the discriminatory comments and attempt to sabotage my transfer. The following day, on June 2, 2018, I suffered a miscarriage, which I believe was due to the stress Respondent had caused me.

D. I believe and therefore allege that Respondent discriminated against me because of my sex, Female (pregnancy).

| I want this charge filed with both the EEOC and the state or local agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my complaint in accordance with their procedures. | Signature of Complainant and Date: <br> 8/3/18 |
|---|---|
| I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)* <br> Alicia Evans   8/3/18 |

#7216037/Briggs/AME

# EXHIBIT G



**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

**MARK BRNOVICH**
**ATTORNEY GENERAL**

**REBEKAH BROWDER**
**ANGELINA NGUYEN**
**CHIEF COUNSEL**

## NOTICE OF RIGHT TO SUE

*Angelique Briggs*         *v.*         *City of Phoenix Police Department*

CRD No.:   P18-0260                    EEOC No.: 35A-2018-00525

On 8/3/2018, you filed a charge with the Division of Civil Rights Section alleging employment discrimination. Arizona law provides that you may bring a civil action in Superior Court of the county where the alleged discriminatory action took place. Should you decide to file a civil action, you must do so **within 90 days** of the date you receive this Notice or **within one year** of the date you filed the charge, **whichever comes first**. A.R.S. 41-1481(D.)

This Notice of Right to Sue letter is being issued because:

the Division of the Civil Rights Section has not completed the processing of your charge(s), but there are approximately 90 days left before the expiration of the one year deadline for filing a civil action in Superior Court.

If you have any questions concerning this notice, please contact us at 602-542-5263 or toll free at 1-877-491-5742. If you need legal assistance, you should seek the advice of an attorney.

BY:

_____

*Stephen Scott, Compliance Manager*

Sent by regular mail this 30th day of April 2019

Cc: City of Phoenix Police Department

#4505184

**2005 NORTH CENTRAL AVENUE, PHOENIX, AZ 85004** • **602.542.5263**
**400 WEST CONGRESS, SOUTH BUILDING, SUITE S-215, TUCSON, AZ 85701** • **520.628.6500**
**WWW.AZAG.GOV**